UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

VICKIE DOTEY

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC., a Virginia Limited Liability Company

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered corporation with the Colorado Secretary of State, having a registered agent at 1535 Grant Street, Suite 140, Denver, Colorado 80203.

### PARTIES

8. Plaintiff Vickie Dotey is a natural person who resides in the Town of Eads, County of Kiowa, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. (hereinafter "Defendant") is a Virginia limited liability company operating from an address of 120 Corporate Blvd., Norfolk, Virginia 23502 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Sometime prior to May 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). The alleged debt that the Defendant is attempting to collect upon stems from a credit card, issued by MasterCard.

11. The last time that the Plaintiff possessed a MasterCard credit card was in 1999.

12. The Plaintiff did default on the MasterCard, although even if she did, that debt on an unsecured loan would be barred from any legal collection effort as the statute of limitations has run.

13. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

14. Beginning in January, 2010 the Defendant began contacting the Plaintiff by telephone, leaving voicemail messages.

15. The nature of the messages is a recording, indicating that the Plaintiff is to call the Defendant "as soon as possible" at (858) 346-1184.

16. The telephone number (858) 346-1184 belongs to the Defendant.

17. The Plaintiff, on numerous occasions, has advised the Defendant that she will not make any financial payments on the alleged debt; that the alleged debt is invalid, and; that she demands to stop being contacted by the Defendant.

18. Notwithstanding the communication between the Plaintiff and the Defendant, the Plaintiff receives between 2-4 calls per day from the autodialer of the Defendant leaving the same prerecorded message to contact the Defendant "as soon as possible";

19. Having been provided notice on numerous occasions that the Plaintiff disputes the alleged debt, is unwilling to make any payments on the alleged debt and that the Plaintiff demands that Defendant cease all harassment by telephone, the Defendant's unlawful conduct persists.

20. As the Defendant has actual notice that Plaintiff cannot or will not make a payment, the Plaintiff considers the daily telephone calls to be nothing short of harassment.

21. The FDCPA, 15 U.S.C. §1692d, in part, expressly prohibits "*<u>any</u> conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*"

22. The Plaintiff has never received any benefit from the Defendant, does not have a business relationship with the Defendant and notified the Defendant that she did not owe them anything.

23. The ringing of the Plaintiff's telephone after being told to stop cannot be justified by means other than an effort to harass, oppress or abuse the Plaintiff and prohibited by 15 U.S.C. §1692d.

24. The FDCPA, 15 U.S.C. §1692d(5) prohibits a debt collector from engaging in repeated telephone calls with no legitimate purpose. After being told to stop having contact with the Plaintiff, the only purpose imaginable for the Defendant to continue causing the Plaintiff's

telephone to ring would be an effort to harass, annoy or otherwise cause distress to the Plaintiff.

25. The debt that the Defendant is attempting to collect is invalid and the Plaintiff has told this to the Defendant repeatedly.

26. The Defendant is aware of the Plaintiff's belief that the debt is invalid and has stated that they will continue to contact the Plaintiff unless, and only unless, she sends the Defendant a written notice to end contact.

27. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692 d(5), 1692 f(1), amongst others.

### *Respondeat Superior Liability*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

30. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

32. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law

by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

35. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**